IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KAREN WESTER                                                                                      PLAINTIFF

v.                                              Case No. 3:14-CV-03071

RODNEY LOVE d/b/a "HEARTS OF LOVE"                                            DEFENDANT

### ORDER

Defendant removed the instant matter to this Court from the Circuit Court of Searcy County, Arkansas, on July 14, 2014. (Doc. 1). The notice of removal stated that the basis for federal jurisdiction was the complete diversity of citizenship of the parties[1] and the existence of the $75,000 minimum amount in controversy, as per 28 U.S.C. § 1332(a)(1). The Complaint for breach of contract claimed (1) $50,650.35 in compensatory damages, (2) an unspecified amount of punitive damages, and (3) Plaintiff's attorney fees and costs.

The Court held a case management hearing on October 1, 2014, during which counsel for both parties appeared by telephone. At the hearing, Plaintiff moved to dismiss her claim for punitive damages, and the motion was granted from the bench. The Court then inquired of Defendant's counsel whether the remaining claimed damages were sufficient to meet the statutory minimum of $75,000. Counsel's response was unpersuasive.

In the Court's view, the facially plausible damages set forth in the Complaint consist of approximately two months of unpaid wages—based on a yearly salary of $50,000 per year—less $1,750 in wage payments that Plaintiff admits she received, plus $650 in

---

[1] At the time of removal, another defendant, Frank Minirth, was present in the lawsuit. Mr. Minirth was dismissed on July 22, 2014.

unreimbursed expenses, plus attorney fees and costs. At most, this amounts to less than $5,000 and is plainly insufficient to meet federal jurisdictional requirements. Even if the amount in controversy were valued at $50,650, as demanded in the Complaint, this is almost $25,000 under the jurisdictional threshold and seems unsupported by the allegations pleaded. Adding a reasonable attorney fee to Plaintiff's own calculation of damages would still not meet the $75,000 minimum necessary for federal jurisdiction.

This Court has an affirmative duty to ensure that any claims before it are within its subject-matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986). The removing party has the burden of showing that jurisdiction in the federal courts is proper and the requisite amount in controversy has been met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Here, Defendant failed to establish that the minimum amount in controversy was met and that Court should continue to exert subject-matter jurisdiction over this case following the voluntary dismissal of Plaintiff's claim for punitive damages. Therefore, **IT IS HEREBY ORDERED** that the case be **REMANDED** to the Circuit Court of Searcy County, Arkansas, for further disposition.

**IT IS SO ORDERED** this 1st day of October, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

-2-